USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/4/09_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
OYSTER OPTICS, INC.,                      :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :     Case No. 08-cv-8206 (PKC)
                                          :
FUJITSU NETWORK                           :
COMMUNICATIONS, INC. and                  :
FUJITSU LIMITED,                          :
                                          :
            Defendants.                   :
                                          :
----------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER**

This Protective Order is entered to facilitate the production and receipt of information during discovery by the parties to the above action, Plaintiff and Counterdefendant Oyster Optics, Inc. ("Oyster") and Defendants and Counterclaimants Fujitsu Network Communications, Inc. ("FNC") and Fujitsu Limited ("FJ") (where appropriate, FNC and FJ will be collectively referred to as "Fujitsu"), and others, and to protect confidential information that may be produced or otherwise disclosed during the course of the above action.

NOW, THEREFORE, upon consideration of the record and pursuant to the provisions of Fed. R. Civ. P. 26(c),

IT IS ORDERED that:

## INFORMATION SUBJECT TO THIS ORDER

1.      (a)      For the purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material which is (i) produced for or disclosed to a receiving party (Oyster, FNC, FJ, or another), and (ii) considered by a producing party (Oyster, FNC, FJ, or another) to constitute or contain confidential information, including but not limited to, research, development, trade secret or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the producing party in the following manner or as described in paragraph 2 hereof. "CONFIDENTIAL INFORMATION" contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, etc. or copies thereof shall be designated by stamping or affixing thereto the legend:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

(b)      For the purposes of this Order, "HIGHLY CONFIDENTIAL INFORMATION" shall mean "CONFIDENTIAL INFORMATION" deemed by the producing

1

party to be especially highly sensitive technical or business information. "HIGHLY CONFIDENTIAL INFORMATION" contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories, etc- or copies thereof shall be designated by stamping or affixing thereto the legend:

FOR OUTSIDE COUNSEL'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER

2.    "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" not reduced to documentary, tangible or physical form or which cannot be conveniently designated pursuant to paragraph 1 hereof may be designated as "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" respectively by the producing party by advising the receiving party in writing prior to the production or contemporaneously therewith that such information is confidential (CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER) or highly confidential (FOR OUTSIDE COUNSEL'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER).

3.    Any "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" designated as set forth in paragraphs 1 and 2 hereof shall be handled by the receiving parties in accordance with this Order. The designation of information as "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" pursuant to this Order shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, a trade secret or confidential research, development or commercial information.

2

4.      The restrictions set forth in any of the paragraphs hereof with respect to "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" shall not apply to:

(a)      Any information which at the time of the disclosure to a receiving party is in the public domain;

(b)      Any information which after disclosure to a receiving party becomes part of the public domain as a result of events not involving a violation of this Order;

(c)      Any information which a receiving party can show was rightfully within its possession at the time of the disclosure; or

(d)      Any information which a receiving party can show was received by it from a source who obtained the information lawfully or under no obligation of confidentiality to the producing party.

Prior to disclosing any such information to any person not authorized to receive "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" pursuant to paragraphs 5 and 7 of this Order, the receiving party shall advise the producing party of the grounds on which the receiving party contends that the information is not confidential or not highly confidential, and shall follow the procedure specified in paragraph 20 hereof.

### PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL INFORMATION" OR "HIGHLY CONFIDENTIAL INFORMATION"

5.      (a) For the purposes of this Order an "authorized recipient" of "CONFIDENTIAL INFORMATION" shall mean:

(i)      Outside litigation counsel of record for Oyster, their partners, associates and their stenographic, clerical and paralegal employees whose

3

functions require access to such information, but shall not include Cary S. Kappel of Davidson, Davidson & Kappel, LLC.;

(ii)     Outside litigation counsel of record for Fujitsu, their partners, associates and their stenographic, clerical and paralegal employees whose functions require access to such information;

(iii)     Five (5) designated in-house members of Oyster's legal and/or intellectual property department;

(iv)     Four (4) designated in-house members of Fujitsu's legal and/or intellectual property department;

(v)     Dr. Hideo Kuwahara, Fujitsu Research Fellow at Fujitsu Laboratories Ltd,;

(vi)     The Court, Court personnel, jurors and others employed by the Court;

(vii)     Personnel of graphics, litigation support and trial/jury consulting firms engaged by a party or its attorneys in connection with this litigation, as well as participants in focus groups and mock juries relating to this case, provided that they and their immediate family members are not employed by any of the Parties and that they have signed an agreement to be bound by and comply with this Order prior to any disclosure of confidential information;

(viii)     Court reporters and employees of court reporters engaged in connection with this action to record and transcribe testimony in this litigation who have agreed to be bound by and comply with this Order, and any outside copy services who have agreed to be bound by and comply with this Order. Any

4

court reporter who reports or transcribes testimony in this action shall agree that all confidential information under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the court reporter or delivered to counsel of record;

(ix)   Any independent consultant, expert or other person (including translators) who obtains authorization to receive such information pursuant to paragraph 7(a) of this Order; and

(x)   Business or technical persons employed by a party to the above actions whose functions require that they have access to "CONFIDENTIAL INFORMATION" in connection with the prosecution or defense of these actions and who comply with paragraph 7 of this Order.

(b) For the purpose of this Order an "authorized recipient" of "HIGHLY CONFIDENTIAL INFORMATION" shall mean:

(i)   Outside litigation counsel of record for Oyster, their partners, associates and their stenographic, clerical and paralegal employees whose functions require access to such information, but shall not include Cary S. Kappel of Davidson, Davidson & Kappel, LLC.;

(ii)   Outside litigation counsel of record for Fujitsu, their partners, associates and their stenographic, clerical and paralegal employees whose functions require access to such information;

(iii)   The Court, Court personnel, jurors and others employed by the Court;

5

(iv)    Personnel of graphics, litigation support and trial/jury consulting firms engaged by a party or its attorneys in connection with this litigation, as well as participants in focus groups and mock juries relating to this case, provided that they and their immediate family members are not employed by any of the Parties and that they have signed an agreement to be bound by and comply with this Order prior to any disclosure of confidential information;

(v)    Court reporters and employees of court reporters engaged in connection with this action to record and transcribe testimony in this litigation who have agreed to be bound by and comply with this Order, and any outside copy services who have agreed to be bound by and comply with this Order. Any court reporter who reports or transcribes testimony in this action shall agree that all confidential information under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the court reporter or delivered to counsel of record; and

(vi)    Any independent consultant, expert or other person (including translators) who obtains authorization to receive "HIGHLY CONFIDENTIAL INFORMATION" pursuant to paragraph 7 of this Order.

(c)    After receiving "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL ⟨18⟩ PKC INFORMATION," an "authorized recipient" shall not participate for a period of ~~thirty~~ months from the termination of this litigation in the preparation or prosecution of any patent applications, including, but not limited to reexamination and reissue proceedings of patents (except the authorized recipient may participate in the reexamination(s) of the other party's

6

patent(s) provided there is no ability or opportunity for the authorized recipient to use the other

party's Confidential or Highly Confidential information to influence the drafting or scope of the

claim(s)), whose subject matter is directed to phase modulation technologies, SONET, SDH,

and/or other optical data communication standards; optical components; optical devices; optical

networks; optical cross connect systems, networks or components; packet optical transport

systems, networks or components; and optical add/drop multiplexing systems, networks or

components, on behalf of the receiving party.

**LIMITATIONS ON THE USE OF "CONFIDENTIAL**

**INFORMATION" AND "HIGHLY CONFIDENTIAL INFORMATION"**

6.      "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL

INFORMATION" shall be held in confidence by each authorized recipient to whom it is

disclosed, shall be used only for purposes of this action, shall not be used for any other purpose,

and shall not be disclosed to any person who is not an authorized recipient. All produced

"CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION"

shall be carefully maintained so as to preclude access by persons who are not authorized

recipients.

7.      Should a receiving party find it necessary in the preparation for trial of the above

actions to disclose a producing party's "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" to a "Receiving Person" who is (i) an independent

technical and/or business consultant retained by the receiving party or its attorneys for the

purpose of assisting in connection with this action, or (ii) any other person who is not an

authorized recipient under the terms of this Order and whose assistance may be required for

7

preparation for and/or trial of the above action, then unless otherwise ordered by the Court or agreed in writing by the producing party:

        (i)     The receiving party first must make a written disclosure to the producing party that (1) sets forth the full name of the Receiving Person to whom disclosure would like to be made and the city and state of his or her primary residence, (2) attaches a copy of the Receiving Person's current resume or C.V., (3) identifies the person's current employer(s), (4) identifies each person or entity from whom the Receiving Person has received compensation for work in his or her areas of expertise or to whom the Receiving Person has provided professional services at any time during the preceding five years, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Receiving Person has provided any professional services during the preceding five years, (6) lists all papers authored by the Receiving Person during the preceding five years, (7) lists all patents and patent applications which names the Receiving Person as an inventor, provided that the patent applications for which the Receiving Person has been named as an inventor have been published, and (8) identifies any previous or current relationship with any party to this litigation other than the retention as an expert in this matter.

        (ii)    In the event that the identified Receiving Person is precluded from disclosing any of the above required information on the grounds of a confidential relationship, that fact should be provided.  The inability to provide full disclosure may be grounds for objections by the producing party.

(iii)    After five (5) business days (not counting holidays in the U.S. or Japan), a party that made a written disclosure by providing the information specified in the preceding paragraph may disclose the "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION" to the identified Receiving Person unless, within five (5) business days of delivering the written disclosure, the party receives a written objection from the producing party. Any such objection must set forth in detail the grounds on which it is based.

(iv)    If a party objects to the disclosure of "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION" to the identified Receiving Person, the objecting party shall serve written objections on all parties, identifying with particularity the basis for those objections. Such objections shall not be unreasonably made. Service of the objections shall be made by personal delivery, facsimile, or by overnight delivery, and received within five (5) business days after the date of receipt of the identification of the Receiving Person. The parties shall meet and confer in good faith to resolve the disagreement. If the parties cannot agree on disclosure of "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION" to the identified Receiving Person, the objecting party shall have seven (7) business days after the meet and confer in which to file a motion for an Order forbidding disclosure to the identified Receiving Person. On any such motion, the objecting party shall have the burden of proof. No disclosure of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" may be

9

made until after the validity of the objection has been resolved, either by
negotiation or the Court.

      (v)    The consultant, expert or other person to whom disclosure of
"CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL
INFORMATION" is to be made shall execute a written signed "Agreement To Be
Bound By Protective Order" in the form of Attachment A hereto stating that he or
she has read and understood this Order and agrees to be bound by its terms.  The
receiving party shall retain all such written signed assurances prior to any
disclosure of confidential information.

Notwithstanding any other provisions of this Order, under no circumstances shall any
"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" of a
technical nature, or any information contained therein, of Fujitsu be disclosed to any named
inventor of a patent-in-suit or to anyone who is involved in the preparation or prosecution of any
patent applications, including, but not limited to, reexaminations and reissue proceedings of
patents (except the authorized recipient may participate in the reexamination(s) of the other
party's patent(s) provided there is no ability or opportunity for the authorized recipient to use the
other party's Confidential or Highly Confidential information to influence the drafting or scope
of the claim(s)), on behalf of the receiving party during the thirty month period set forth in
paragraph 5(c) and whose subject matter is directed to the technologies recited in paragraph 5(c).

      8.    Testifying experts shall not be subject to discovery on any draft of their reports in
this case and such draft reports, notes, outlines, or any other writings leading up to an issued
report(s) in this litigation are exempt from discovery.  In addition, all communications to and
from a testifying expert, and all materials generated by a testifying expert with respect to that

person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case. Materials, communications and other information exempt from discovery under this Paragraph 9 shall be treated as attorney-work product for the purposes of this litigation and Order.

9.    Disclosure Of Source Code:

(a) All source code or similarly sensitive software code (collectively the "Source Code") shall be treated as "HIGHLY CONFIDENTIAL INFORMATION" whether marked with such designation or not.

(b) Source Code disclosed by a party or third party is subject to the protections outlined above and the following additional provisions, regarding the manner in which the producing party shall produce such Source Code and the manner in which the receiving party shall handle such Source Code. In the event of a conflict with another paragraph of this Order, handling of Source Code shall be governed by this Paragraph 10.

(i)    At least one electronic copy of Source Code shall be produced on a compact disc or similar media.

(ii)    Apart from making "Copied Excerpts" defined below, Source Code may not be copied by the receiving party without the agreement of the producing party or further order of the Court.

(iii)    Each electronic copy of Source Code:

11

(A)     May only be stored on a computer when it is being viewed in accordance with Paragraph 10(b)(iii); and

(B)     Can be viewed on a stand-alone computer (not connected to any network at the time of viewing) that is password protected and maintained by the receiving party's authorized recipients of "HIGHLY CONFIDENTIAL INFORMATION" pursuant to paragraph 7(b) of this Order.

(C)     Access to the stand-alone computer shall be permitted to the receiving party's authorized recipients of "HIGHLY CONFIDENTIAL INFORMATION" pursuant to paragraph 7(b) of this Order.

(D)     Source Code may be printed onto paper ("Copied Excerpts") by a person permitted access to Source Code if all of the following conditions are met:

1.     Except in the case of use in depositions, motions (or any court filing), expert reports, hearings and trial, paper copies of Source Code may be maintained only at the offices of persons permitted access to Source Code;

2.     Source Code printed onto paper shall be labeled by the party printing such Source Code as "HIGHLY CONFIDENTIAL INFORMATION: RESTRICTED MATERIAL-SOURCE CODE" and all provisions of this Order

applying to "HIGHLY CONFIDENTIAL INFORMATION" material and Source Code shall apply thereto.

(E)    The receiving party shall ensure through restricted access and other reasonable means that no persons unauthorized to view the Source Code shall have any access to Source Code.

(F)    The receiving party shall make no use of the Source Code, other than for use in this action.

(G)    Upon termination of this action, the Source Code and all Copied Excerpts (excluding those filed with the Court) shall be returned to the producing party, or destroyed, with counsel for the producing party receiving certification of the same.

10.    Nothing in this Order shall prohibit the transmission or communication of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" between or among authorized recipients by hand delivery, face to face conference, or

(a)    in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

(b)    by telephone, telegram, facsimile or other electronic transmission system, if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not an authorized recipient.

11.    An attorney who is an authorized recipient under the terms of paragraph 5 hereof, may render advice to his or her client with respect to this action and rely generally upon confidential information but provide no specific confidential information. However, in rendering advice or in otherwise communicating with his or her client, such attorney shall not disclose the

content or the source of any "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" produced by another party herein where such disclosure

would not otherwise be permitted under the terms of this Order. Notwithstanding the above, an

attorney who is an authorized recipient under the terms of paragraph 5 hereof (i) shall not be

involved during the thirty month period set forth in paragraph 5(c) in the preparation or

prosecution of any patent applications, including, but not limited to, reexaminations and reissue

proceedings of patents (except the authorized recipient may participate in the reexamination(s) of

the other party's patent(s) provided there is no ability or opportunity for the authorized recipient

to use the other party's Confidential or Highly Confidential information to influence the drafting

or scope of the claim(s)), on behalf of the receiving party and whose subject matter is directed to

the technologies recited in paragraph 5(c) and (ii) shall not guide or otherwise influence the

scope of claims in such patent applications during the thirty month period set forth in paragraph

5(c).

     12.    In connection with any oral hearing, trial or proceeding concerning the above

actions before the Court, prior to disclosure in open court of "CONFIDENTIAL

INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," attorneys for the party

seeking to make such disclosures shall request at the oral hearing, trial or proceeding that the

Court provide appropriate *in camera* treatment of any "CONFIDENTIAL INFORMATION" or

"HIGHLY CONFIDENTIAL INFORMATION" necessary to be disclosed in relation to such

hearing, trial or proceeding or any other procedure appropriate to protect the confidentiality of

the information.

     13.    The Clerk of this Court is directed to maintain under seal all documents and

transcripts of deposition testimony filed in Court in this litigation which have been designated, in

14

whole or in part, as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL

INFORMATION" in this action. Such documents shall be filed in the Clerk's office in sealed

envelopes on which will be endorsed the title and docket number of the above actions, an

indication of the nature of the contents of such sealed envelope, the legend "CONFIDENTIAL

INFORMATION - SUBJECT TO PROTECTIVE ORDER" or "FOR OUTSIDE COUNSEL'S

EYES ONLY - SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the

following form:

> This envelope contains documents which were filed in this case by
>
> [name of party] and is not to be opened, nor the contents to be
>
> displayed or revealed, except by, or upon Order of, this Court.

In the event that a party wishes to use any "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" in any agreements, briefs, memoranda of law or other

papers filed in Court in this litigation, such "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" used therein shall be filed and maintained under seal by the

Court as set forth in this Paragraph 14.

     14.    Any person examined as a witness at deposition or trial may testify concerning all

"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" of

which such person has prior knowledge. Without in any way restricting the foregoing, the

receiving party cannot disclose "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL INFORMATION" not otherwise known or accessible to the witness unless

the witness is employed by the producing party or unless and until the receiving party complies

with paragraph 7 hereinabove. The witness's counsel must agree either in writing or on the

record to abide by this Order prior to the receiving party disclosing or soliciting

"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in the presence of said counsel.

15.     With regard to the transcript of any deposition which has not been the subject of a designation under this Order prior to or during the taking of such deposition, the producing party shall designate those portions of the transcript which constitute "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" within twenty (20) business days after the producing party receives a copy of the deposition transcript, but in any event no later than thirty (30) business days after the producing party is notified in writing of the availability of the deposition transcript. All transcripts shall be treated as "HIGHLY CONFIDENTIAL INFORMATION" for a period of twenty (20) days after the receipt of the transcript. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" shall have page numbers that correspond to the blank pages in the main transcript.

16.     Any inspection of original documents and things of a producing party by a receiving party shall be conducted only by outside litigation counsel listed in paragraph 5 of this Order and all such original documents and physical objects produced during discovery shall in all other respects initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL INFORMATION" and shall be subject to this Order. After the receiving party has selected the documents or physical objects for copying, and before copies are released to the receiving party or contemporaneously therewith, the producing party shall have twenty (20) business days to

review the selected documents or physical objects, and to mark, in accordance with Paragraphs 1 and 2 hereof, those which it considers to contain "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION."

17.    Where the producing party, in good faith, believes that information contained in a document is confidential and is not relevant to the issues of this action, such information may be redacted by any method that makes it apparent that material has been obscured from the copy furnished to the receiving party including physically outlining what portion has been redacted and explicitly using the word "redacted."

18.    The inadvertent or unintentional production of discovery materials without designation as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" or without redaction of non-relevant confidential information shall not be deemed a waiver in whole or in part of a producing party's claim of confidential treatment under the terms of this Order.  Any information that is disclosed or produced without being designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" may be later designated or redesignated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those listed in paragraph 5 hereof as authorized to receive such document as subsequently designated or redesignated and to prevent further use or disclosure of confidential information contained therein by such persons.  In the event that any document is produced with non-relevant confidential information unredacted, the producing party may notify the receiving party of such fact and provide a redacted copy of such document to the receiving party.  Upon receipt of such notice, the receiving party shall make all reasonable efforts to retrieve all unredacted copies, if

17

any, of such document and to prevent further use or disclosure of the information to be redacted and shall return all such unredacted copies to the producing party or certify in writing that they have been destroyed.

19.    Unauthorized Disclosure Of Confidential Information Or Highly Confidential Information: If a receiving party learns that, by inadvertence or otherwise, it has disclosed "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION" to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the confidential information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" attached hereto as Attachment A.

20.    Nothing in this Order shall prevent a receiving party from contending that any or all "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" is not confidential. Any receiving party may at any time request the producing party to cancel the "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" designation with respect to any document, object and/or information and to agree that thereafter such document, object and/or information is to be no longer subject to the provisions of this Order. Such request shall be written, shall be served on counsel for the producing party and shall particularly identify the "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" that the receiving party contends is not confidential and the reasons supporting its contentions. The request shall be deemed denied unless within ten (10) business days after receipt of such request, the producing party shall in writing approve the request.

18

Thereafter, the receiving party may move for release of the specified "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" from this Order.

21.      This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

22.      Third Parties:  This Order shall apply to the parties and any third party from whom discovery may be sought and who desires the protection of this Order.  Thus, any third party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," the receiving party must so notify the producing party in writing immediately and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue, and, if requested by the producing party, must file appropriate objections to preserve the confidentiality of the materials subject to the subpoena or order.

19

(c) The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the producing party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued and/or in this Court. The producing party shall bear the burdens and the expenses of seeking protection for its confidential material - and nothing in these provisions shall be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

23.    This Order shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance or any other ground other than the presence of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION."

24.    The Court and parties acknowledge that the law recognizes a common interest privilege and/or joint defense privilege under certain circumstances, and that such privileges may be applicable between these Defendants under certain circumstances. Nothing in this Order shall be construed as diminishing, or enlarging, the scope of such privileges under the law, or construed that, by agreeing to this Order, the party agrees that the common interest privilege and/or joint defense privilege is applicable in any specific circumstance.

25.    Any discovery documents disclosed or produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon written notice by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving party promptly shall collect all copies of the documents and return them to the producing party. This provision, however, does

not waive the receiving party's right to later contest the assertion of such privilege or immunity pursuant to the Federal Rules of Civil Procedure and other applicable law.

26.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective or by a statement by such attorney made on the record in the course of a deposition or a court hearing.

27.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION" for enforcement of the provisions of this Order following termination of this litigation.

28.     Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this litigation, including all appeals therefrom, all persons having received "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION," except the Court and those employed by the Court, shall, at its option, either return to the producing party or destroy all physical objects and documents which embody "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" and which were received from the producing party, and shall destroy, in whatever form stored or reproduced, all other physical objects and documents, including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials, which contain or refer to "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION." Notwithstanding the foregoing, outside trial counsel described in paragraph 7 shall have the right to maintain a copy of all correspondence, pleadings, deposition transcripts and exhibits thereto, documents referred to in pleadings or introduced into evidence and the trial counsel's work

21

product materials. Promptly, upon destruction of any documents or physical objects pursuant to this paragraph, the receiving party shall confirm to the producing party in writing which of the producing party's "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" have been destroyed and shall furnish to the producing party copies of all written assurances signed pursuant to paragraph 7 hereof.

29.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind *or modify* the restrictions of this Order, when convenience or necessity require.                    *P/CC*

30.    The parties also may amend or modify any provision of this Order by mutual agreement which agreement shall be embodied in a written stipulation to be submitted for approval by the Court.

31.    The parties agree that, pending approval by the Court, this Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court on the date of execution by counsel for the respective parties. *SUBJECT    TO  ADDENDUM*

IT IS SO ORDERED, ~~with the consent of the parties, this~~ _____ day of January, 2009

*5-1-09*

 

_____
Honorable P. Kevin Castel
United States District Judge

~~Dated: January _____, 2009~~

_____
William C. Gehris

22

# ADDENDUM

## OYSTER OPTICS    v.    FUJITSU

## 08 Civ. 8206    (PKC)

This Addendum is an integral part of the Order of today's date granting confidentiality protection to certain materials. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995), Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority.

Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY
5-1-09

Davidson, Davidson & Kappel, LLC
485 Seventh Avenue
New York, NY 10018
Tel: (212) 736-1940
Fax: (212) 736-2427

Attorney for Plaintiff Oyster Optics, Inc.

Dated: January _____, 2009

_____
Robert W. Dickerson
Orrick, Herrington & Sutcliffe LLP
777 S. Figueroa Street, Suite 3200
Los Angles, CA 90017
Tel: (213) 612-2472
Fax: (213) 612-2499

David E. Wang
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558
Tel: (949) 567-6700
Fax: (949) 567-6710

Attorneys for Defendants Fujitsu Network
Communications, Inc. and Fujitsu Limited